## MARIETTA STATE BANK v. MORRIS COUNTY NAT. BANK. (No. 2838.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 2, 1924. Rehearing Denied Jan. 17, 1924.)

**1. Bankruptcy &#9758;303(1)—Burden of proving preference is on party asserting it.**

The burden of proving that a mortgage executed by a bankrupt was a voidable preference is on the party attacking it.

**2. Bankruptcy &#9758;303(3)—Finding that mortgage was not preference sustained.**

Evidence *held* sufficient to sustain a finding that mortgagee of one who subsequently became a bankrupt did not have reasonable ground to believe that the mortgage would effect a preference against other creditors.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Suit by the Morris County National Bank against the Marietta State Bank and others. Judgment for plaintiff, and the named defendant appeals. Affirmed.

Bartlett & Patman, of Linden, for appellant.

Wheeler & Robison, of Texarkana, and O'Neal & Harvey, of Atlanta, for appellee.

HODGES, J. In February, 1923, the Morris County National Bank filed this suit against W. E. McCoy and his wife Lola McCoy, H. P. McCoy, W. Z. McCoy, Leo Lambert, and the Marietta State Bank. The object of the suit was to foreclose a deed of trust on a tract of land situated in Cass county, claimed by the appellant.

The record shows that on February 16, 1921, W. E. McCoy and his wife executed and delivered to the Morris County National Bank a promissory note for $885.65, due on November 1st following. That note was also signed by H. P. McCoy and W. Z. McCoy as sureties. On March 21, 1921, W. E. McCoy and wife executed a deed of trust on the land in controversy, to secure the payment of the note above mentioned. On May 25, 1921, W. E. McCoy was adjudged a bankrupt. A meeting of the creditors followed, a trustee was appointed, and in the course of time the land in controversy was sold in obedience to an order issued by the referee. At that sale the appellant, the Marietta State Bank, became the purchaser. It was agreed on the trial that the Marietta Bank thereby acquired a good title to the land, unless the deed of trust executed by W. E. McCoy and wife was a superior lien.

On the trial W. E. McCoy and W. Z. McCoy were released upon their plea of bankruptcy. A judgment was taken against H. P. McCoy for the debt, and the mortgage was foreclosed upon the ground that it was superior to the title under which the appellant and Lambert claimed the land.

As shown by his findings of fact filed in the case, the court concluded that the lien held by the appellee bank was superior to the conveyance from the trustee in bankruptcy. That conclusion was based upon the finding that at the time the mortgage was taken the appellant did not have reasonable grounds to believe that the enforcement of the lien

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

would effect a preference against the other creditors of McCoy. In this appeal the appellant contends that the evidence is not sufficient to support the finding and conclusions of the court.

As stated by counsel for appellant in their brief, the only question presented in this appeal is: Was the mortgage executed by McCoy and wife to the appellee a voidable preference of the latter as a creditor?

In his work on Bankruptcy (1922, par. 575), Mr. Black thus states what is required to constitute a voidable preference:

"First, there must have been either an act of the debtor in procuring or suffering a judgment to be entered against him or making a 'transfer' of any of his property, taking that term in the very wide sense in which it is defined by the Bankruptcy Act. Second, the debtor must have been insolvent either at the time of the transfer or of its recording, or of the entry of the judgment. Third, these things must have concurred within four months before the filing of the petition in bankruptcy, or after the filing and before the adjudication. Fourth, the judgment or transfer must operate as a preference, that is, enable the creditor to obtain a greater percentage of his debt than other creditors of the same class. Fifth, the person receiving it or to be benefited by it (or his agent acting in the transaction) must have had reasonable cause to believe that the enforcement of the judgment or transfer would effect a preference."

It appears that the court found all of the above issues in favor of the appellant except the last. The correctness of the judgment then rests solely upon the ground that the evidence justified that conclusion of the court.

The officers of the appellee bank, and the one who conducted this transaction with McCoy, testified that they did not know how much McCoy owed, or that he was insolvent at the time the mortgage was taken; they had reason to believe that he owed other debts, but they did not know the amount of his indebtedness, nor did they know that he did not have property sufficient to pay those debts if given time to convert it into money. McCoy testified that at the time he gave this deed of trust to the Morris County National Bank he did not think he was insolvent; he believed that he had property sufficient to more than pay his debts if given time; his embarassment arose from the fact that he could not then convert his property into money.

[1] In attacking this mortgage the burden of proving it was a voidable preference rested upon the appellant. Bank of Commerce v. Brown, 249 Fed. 37, 161 C. C. A. 97. That case also states the rule usually applied in determining whether or not the preferred creditor had reasonable cause to believe that his debtor was insolvent and that the conveyance taken would operate as a preference.

See, also, Black on Bankruptcy, § 597, and notes.

[2] A careful examination of the testimony in this case has convinced us that the judgment should be affirmed, and it is accordingly so ordered.